**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN LABORIN-LEDES, | No. 21-186 |
| Petitioner, | Agency No. A090-837-421 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Juan Laborin-Ledes, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision finding him removable.  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law and

claims of due process violations in immigration proceedings.  *Simeonov v.*

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Laborin-Ledes's contention that the IJ erred in admitting into evidence untimely submissions from the Department of Homeland Security fails because the IJ has wide latitude to control filing deadlines for the admission of evidence. *See* 8 C.F.R. § 1003.31(c) (2019) ("The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any."); *see also Matter of R-C-R-*, 28 I. & N. Dec. 74, 83 (BIA 2020) ("After an Immigration Judge has set a firm deadline for filing an application for relief, the respondent's opportunity to file the application *may* be deemed waived . . . if the deadline passes without submission of the application and no good cause for noncompliance has been shown." (emphasis added)).

Laborin-Ledes's contention that the IJ violated his right to due process by admitting into evidence the late-filed documents fails because he failed to show error and prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**